UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DWAYNE KINTE ROBERTSON,

                                        Plaintiff,

                -against-

OFFICER MATTHEW SULLIVAN, Shield #29723; OFFICER NILES PRINCE, Shield #22353; and SERGEANT DIMITRI DAGLAS, Shield #01647,

                                        Defendants.

**[PROPOSED] JOINT PRETRIAL ORDER**

07 CV 1416 (JG)(LB)

---

The parties in the action captioned above hereby submit the following as a proposed Joint Pre-Trial Order ("JPTO") in accordance with the Individual Rules of the Honorable John Gleeson, United States District Judge:

**I.    FULL CAPTION OF THE ACTION**

DWAYNE KINTE ROBERTSON,

                                        Plaintiff,

                -against-

OFFICER MATTHEW SULLIVAN, Shield #29723; OFFICER NILES PRINCE, Shield #22353; and SERGEANT DIMITRI DAGLAS, Shield #01647,

                                        Defendants.

07 CV 1416 (JG)(LB)

## II. TRIAL COUNSEL

The names, addresses, and telephone and fax numbers of trial counsel are as follows:

### A. Counsel for Plaintiffs

Stuart W. Gold
Jessica R. Holloway
Hector J. Valdes
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Tel: (212) 474-1000
Fax: (212) 474-3700

### B. Counsel for Defendants

Michael A. Cardozo
OFFICE OF THE CORPORATION COUNSEL
New York City Law Department
100 Church Street
New York, NY 10007
By:   Gabriel P. Harvis, Esq.
      Jeffrey C. Brooks, Esq.

Tel:  (212) 788-1816
Fax: (212) 788-9776

## III. STATEMENT AS TO SUBJECT MATTER JURISDICTION

### A. Plaintiffs' Statement as to Subject Matter Jurisdiction

Plaintiff asserts claims pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331, as well as 28 U.S.C. § 1343(a)(3). In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Where, as here, a state law claim arises out of the same events that give rise to the federal claim, a district court has discretion to decline supplemental jurisdiction

2

only if its decision is based on one of the bases enumerated in 28 U.S.C. § 1367(c). Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002); Buric v. Kelly, 157 Fed. Appx. 391, 394 (2d Cir. 2005). None are present here, so for the Court to decline to exercise its supplemental jurisdiction over Plaintiff's state law claims would be inappropriate.

In accordance with § 50-e of the New York General Municipal Law, Plaintiff's notices of claim, properly construed, provide sufficient notice of each of the state law claims listed below. See Lieber v. Village of Spring Valley, 40 F. Supp. 2d 525, 530-31 (S.D.N.Y. 1999). Furthermore, to the extent the Court determines they do not, because there has been no prejudice to Defendants – and indeed, Defendants moved for summary judgment against Plaintiff's state law claims (Def.'s Summ. Judgment Br. at 23) – this Court should disregard that omission pursuant to § 50-e(6). See Perez v. City of New York, 07 Civ. 10319, 2009 U.S. Dist. LEXIS 50066, at *36-39 (S.D.N.Y. June 8, 2009).

### B. Defendants' Statement as to Subject Matter Jurisdiction

Defendants do not dispute subject matter jurisdiction of this Court over plaintiff's federal claims. However, plaintiff's notices of claim fail to satisfy § 50-e of the New York General Municipal Law as they fail to provide notice of any claims other than assault and battery. As such, any other state law claims are barred by the statute of limitations. As to plaintiff's assault and battery claims, defendants respectfully request that the Court decline to exercise its supplemental jurisdiction.

IV.   **SUMMARY OF CLAIMS AND DEFENSES**

    A.   **Plaintiffs' Statement of Claims**

The following are the claims that remain to be tried. The culpability of each Defendant with respect to each particular claim is appropriately resolved pursuant to Fed. R. Civ. P. 50.

        1.   False Arrest / Unreasonable Seizure

Plaintiff asserts claims for false arrest and unreasonable seizure against all Defendants pursuant to 42 U.S.C. § 1983 and New York state law. These claims are based on Defendants' initial seizure of Plaintiff without reasonable suspicion and their eventual arrest of Plaintiff without probable cause.

        2.   Excessive Force / Assault and Battery

Plaintiff asserts claims for excessive force pursuant to 42 U.S.C. § 1983 and for assault and battery under New York state law against Defendants Deglas and Prince. These claims are based on Defendants' unlawful use of force during and after their arrest of Plaintiff.

        3.   Malicious Prosecution

Plaintiff asserts claims for malicious prosecution against all Defendants pursuant to 42 U.S.C. § 1983 and New York state law. This claim is premised on Defendants' provision of false information about Plaintiff, which formed the basis of a criminal prosecution against Plaintiff.

        4.   Failure to Intervene

Plaintiffs asserts claims pursuant to 42 U.S.C. § 1983 and New York state law against all Defendants for their failure to intervene to prevent the aforementioned violations of Plaintiff's constitutional rights.

    B.   **Defendants' Statement of Claims and Defenses**

Defendants do not adopt or accept plaintiff's summary of claims to be tried, and instead provide their own summary of claims and defenses to be tried.

        1.   Claims to be tried:

            a.   Whether reasonable suspicion existed for the stop of plaintiff.
            b.   Whether probable cause existed for the arrest of plaintiff.

        c.        Whether plaintiff was subjected to excessive force by defendants Prince or Deglas.
        d.        Whether defendant Sullivan failed to intervene.
        e.        Whether plaintiff was maliciously prosecuted by defendants.

2.        Claims previously asserted which are **not** to be tried:

        a.        Any and all claims against the City of New York.

3.        Claims never previously presented, but now asserted by plaintiff:

        a.        Plaintiff's complaint does not allege any purported violations of any of his rights under New York state law. Plaintiff's notices of claim only mention assault and battery. To the extent that plaintiff now seeks to add state law claims other than assault and battery, defendants object to such a claim and seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

        b.        Plaintiff seeks to bring malicious prosecution and failure to intervene claims against *all* defendants, even though there is only evidence to support these claims as to certain defendants.

**V.    MAGISTRATE JUDGE**

The parties do not consent to trial of the case before a Magistrate Judge.

**VI.    TRIAL BY JURY AND TRIAL DURATION**

This case is to be tried before a jury. The parties expect that the trial will last 2-3 days.

**VII.    STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW**

By listing the unconstested issues of fact and law below, the parties are not conceding that any given issue of fact or law is relevant to any of the claims or defenses in this action. The parties expressly reserve their right to object to the admissibility of any of the issues of fact or law listed below. The parties have not yet agreed to the order or manner in which these stipulations should be provided to the jury. The following statements of fact or law are admitted by the parties and require no proof.

        1.        At all times relevant to this case, defendants acted under color of state law.

2. Plaintiff's [Proposed] Exhibit 27 is a true and accurate copy of the transcript of Mr. Robertson's April 16, 2006 appearance in Kings County Criminal Court.

3. Plaintiff's [Proposed] Exhibit 28 is a true and accurate copy of a declaration signed by Detective Niles Prince.

4. Plaintiff was arrested in the vicinity of Pitkin Avenue and Williams Street in Kings County, New York.

5. Plaintiff's arrest occurred after 10:00 p.m. on April 14, 2006.

6. On April 14, 2006, plaintiff was on parole.

7. The criminal charges relating to Mr. Robertson's April 15, 2006 arrest were dismissed pursuant to N.Y. Crim. Proc. Law § 30.30.

## VIII. WITNESSES TO BE OFFERED BY THE PARTIES

### A. Plaintiff's List of Witnesses

Plaintiff currently expects to offer the testimony of the following witnesses in his case in chief. In addition to those witnesses identified below, Plaintiff reserves the right to call in his case in chief any or all of the witnesses identified by Defendants. Plaintiff also reserves the right to call additional witnesses for purposes of impeachment or rebuttal.

1. <u>Parties</u>:

   Dwayne K. Robertson (in person)
   Niles Prince (in person or by deposition)
   Dimitri Deglas (in person or by deposition)
   Matthew Sullivan (in person or by deposition)

2. <u>Non-Parties</u>:

   Dr. Emmeline Kwon (in person)
   Tasha Ricks (in person)

In addition, Plaintiff currently expects to offer the testimony of the following witness to provide foundational testimony, if necessary, for Plaintiff's [Proposed] Exhibits 29-39:

>Eleanor Dorfman
>Legal Assistant
>Cravath, Swaine & Moore, LLP
>825 Eighth Avenue
>New York, NY 10019
>212-474-1000

  **B.**  **Defendants' List of Witnesses**

    Defendants reserve the right to call any witness listed by plaintiff above for their case-in-chief. Defendants further reserve the right to call additional witnesses for rebuttal and/or impeachment. Defendants object to any additional witnesses plaintiff might seek to call for his case-in-chief which have not been identified in Plaintiff's list of witnesses above. In addition to those potential witnesses, defendants designate the following witness to provide testimony, in person, for defendants' case-in-chief:

  John James

**IX.**  **EXHIBITS TO BE OFFERED BY THE PARTIES**

  **A.**  **Plaintiff's Exhibit List and Defendants' Objections**

    Below is a list of the exhibits to be offered in evidence by Plaintiff, along with Defendants' Objections to those Exhibits. Plaintiff reserves the right to offer into evidence any document listed by Defendants. Plaintiff also reserves the right to use additional documents not listed for the purposes of impeachment or rebuttal.

    Defendants reserve the right to raise further objections to plaintiff's exhibits, including objections as to authenticity, until such time that plaintiff produces to defendants a complete set of pre-marked exhibits for inspection. In the event the pre-marked exhibits comport with what defendants expect, defendants present the objections listed herein. Defendants object to plaintiff supplementing this Joint Pre-Trial Order to add exhibits,

without a showing of good cause, compliance with the Federal Rules of Civil Procedure, and no prejudice to defendants. Defendants' objections to plaintiff's exhibits will also be set forth in defendants' motions *in limine*. Defendants reserve the right to amend, supplement, or withdraw their objections if and when plaintiff provides his pre-marked exhibits properly identifying his exhibits.

| No. | Bates Number | Description | Defendants' Objection |
|---|---|---|---|
| **PX1** | NYC5 to NYC6 | | No objection |
| **PX2** | NYC7 to NYC8 | | No objection |
| **PX3** | NYC12 | | No objection |
| **PX4** | NYC15 | | No objection |
| **PX5** | NYC18 | | No objection |
| **PX6** | NYC19 to NYC22 | | No objection |
| **PX7** | NYC23 | | No objection |
| **PX8** | NYC25 to NYC27 | | No objection |
| **PX9** | NYC28 | | No objection |
| **PX10** | NYC29 | | No objection |
| **PX11** | NYC31 to NYC32 | | No objection |
| **PX12** | NYC256 to NYC257 | | No objection |
| **PX13** | NYC258 to NYC259 | | No objection |
| **PX14** | NYC-260 to NYC-261 | | FRE 402, 403, 404, 608 – Prejudice outweighs probative value, extrinsic character evidence that does not go to truthfulness, irrelevant/improper propensity evidence, no |

| No. | Bates Number | Description | Defendants' Objection |
|---|---|---|---|
| | | | remaining claim for municipal liability. |
| **PX15** | NYC-262 | | FRE 402, 403, 404, 608 – Prejudice outweighs probative value, extrinsic character evidence that does not go to truthfulness, irrelevant/improper propensity evidence, no remaining claim for municipal liability. Additionally, provides no information and is prejudicial as it implies that redactions contain negative information. |
| **PX16** | NYC-263 | | FRE 402, 403, 404, 608 – Prejudice outweighs probative value, extrinsic character evidence that does not go to truthfulness, irrelevant/improper propensity evidence, no remaining claim for municipal liability. |
| **PX17** | NYC420 | | No objection |
| **PX18** | NYC-416 to NYC-417 | | No objection |
| **PX19** | NYC-418 to NYC-419 | | No objection |
| **PX20** | NYC-420 | | No objection |
| **PX21** | DKR00125 to DKR00133 | | No objection |
| **PX22** | DKR00292 to DKR00293 | | No objection |
| **PX23** | DKR00281 to DKR00301 | | No objection |
| **PX24** | DKR00338 to DKR00339 | | No objection |
| **PX25** | DKR00369 | | No objection |

| No. | Bates Number | Description | Defendants' Objection |
|---|---|---|---|
| **PX26** | DKR00379 to DKR00385 | | FRE 403 – Cumulative. |
| **PX27** | | Transcript of Mr. Robertson's April 16, 2006 Arraignment in Criminal Court for the State of New York, Kings County before Judge Eileen Nadelson | FRE 802 – Hearsay. |
| **PX28** | | Declaration of Det. Niles Prince in Support of Defendants' Motion for Summary Judgment, dated July 30, 2009 | FRE 403 – Cumulative, prior consistent statement. |
| **PX29** | | Map of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| **PX30** | | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| **PX31** | | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| **PX32** | | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| **PX33** | | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| **PX34** | | Photograph of the location of Mr. | FRE 403 – Misleading. |

| No. | Bates Number | Description | Defendants' Objection |
|---|---|---|---|
|  |  | Robertson's April 15, 2006 arrest. |  |
| PX35 |  | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| PX36 |  | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| PX37 |  | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| PX38 |  | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| PX39 |  | Photograph of the location of Mr. Robertson's April 15, 2006 arrest. | FRE 403 – Misleading. |
| PX40 |  | The baton carried by Sgt. Deglas on the night of April 14, 2006. | FRE 403 – Prejudice outweighs probative value. |
| PX41 |  | The property related to property clerk invoice #N135493 | No objection |

B.   **Defendants' Exhibit List and Plaintiff's Objections**

Below is a list of exhibits that defendants will offer in their case-in-chief along with Plaintiff's Objections thereto.  In this list are several documents listed in

11

compliance with the Court's individual rules that require the inclusion of all potential impeachment exhibits.[1]  Defendants reserve the right to introduce additional documents for purposes of impeachment and/or rebuttal.  Defendant further reserves the right to introduce any proposed exhibit listed by plaintiff in her "Proposed Trial Exhibits," and defendant further reserves all objections to any other exhibit plaintiff seeks to introduce in his case-in-chief not listed above.

Plaintiff reserves the right to supplement his objections at such time that Defendants produce to Plaintiff a complete set of pre-marked exhibits for inspection.  Plaintiff reserves the right to withdraw any objections made to any exhibits, and to object to any of his own trial exhibits that Defendants attempt to use at trial.  In many instances, Defendants have listed very long documents or compilations of documents as a single exhibit.  Accordingly, while at this time Plaintiff asserts certain objections to the entire exhibit, those objections may only pertain to specific portions of the exhibit.  Plaintiff reserves the right to supplement and amend his objections depending on the specific parts of the exhibit Defendants seek to use at trial and the purpose for which plaintiffs offer it.  Plaintiff also objects to Defendants supplementing this Joint Pre-Trial Order to add additional exhibits subsequent to its submission to the Court.

---

[1]  A number of these proposed exhibits are listed specifically because the Court requires identification of all "possible impeachment documents and/or exhibits." Defendants do not expect that they will be introduced as evidence nor do defendants assert that they are admissible as evidence except for impeachment purposes. Moreover, defendants reserve the right to supplement this list in the event that additional impeachment evidence which could not be reasonably anticipated would be required in light of unforeseen trial testimony.

A number of Plaintiff's objections to Defendants' exhibits are based on Plaintiff's motions *in limine* and are intended to indicate that, should the Court grant Plaintiff's motions *in limine*, Plaintiff will ask that all or certain portions of those exhibits be redacted or otherwise alrered as a pre-condition to their admission, if they are admitted at all. Plaintiff also objects to Defendants' Exhibits Z, AA, and DD in their entirety in that Defendants produced those documents for the first time on February 17 and 18, 2010, well after the close of discovery in this matter, and, in some cases, those documents appear to have been in Defendants' possession since as early as November 2008. To the extent those documents will be used for any purpose other than impeachment, they should have been previously identified or produced pursuant to Fed. R. Civ. P. 26 or in response to Plaintiff's requests[2].

| Exh. | Bates Number | Description | Plaintiff's Objection |
|---|---|---|---|
| A | NYC1 to NYC2 | | No objection. |
| B | NYC5 to NYC6 | | FRE 403 - Cumulative of Exhibit A. |
| C | NYC7 to NYC8 | | No objection. |
| D | NYC19 | | No objection. |
| E | NYC20 | | FRE 802 - Hearsay. |

---

[2] On December 7, 2009, Defendants represented that they had produced to Plaintiff's counsel all of the various releases executed by Plaintiff. Defendants did not receive the release for Social Security records at NYC-429 or the records themselves until February 17, 2010.

| Exh. | Bates Number | Description | Plaintiff's Objection |
|---|---|---|---|
| F | NYC24 | | No objection. |
| G | NYC25 to NYC27 | | No objection. |
| H | NYC28 | | No objection. |
| I | NYC29 | | No objection. |
| J | NYC31 to NYC32 | | No objection. |
| K | NYC33 to NYC42 | | FRE 402, 403, 404, 608 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Multiple documents included in one exhibit. |
| L | NYC57 to NYC198 | | FRE 402, 403, 404, 608 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Multiple documents included in one exhibit. |
| M | NYC199 to NYC249 | | FRE 402, 403, 404, 608 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Multiple documents included in one exhibit. |

| Exh. | Bates Number | Description | Plaintiff's Objection |
|---|---|---|---|
| N | NYC250 to NYC255 | | FRE 402, 403, 404, 608 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*. |
| O | NYC256 to NYC257 | | No objection. |
| P | NYC258 to NYC259 | | No objection. |
| Q | NYC-418 to NYC-419 | | No objection. |
| R | NYC-420 | | No objection. |
| S | NYC416 to NYC422 | | FRE 402, 403, 404, 608 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Cumulative, Multiple documents included in one exhibit. |
| T | DKR0014 to DKR0022 | | FRE 402, 403, 404, 608, 802 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Hearsay. |
| U | DKR0028 to DKR00255 | | FRE 402, 403, 404, 608 - Lacks relevance, Cumulative, Prejudice outweighs any probative value, Motion *in limine*, Multiple documents included in one exhibit. |
| V | DKR00258 to DKR00277 | | FRE 402, 403, 404, 608 - Lacks relevance, Cumulative, Prejudice outweighs any probative value, Motion |

| Exh. | Bates Number | Description | Plaintiff's Objection |
|---|---|---|---|
| | | | *in limine*. |
| W | DKR00278 to DKR00301 | | No objection. |
| X | DKR00302 to DKR00368 | | FRE 402, 403, 404, 608 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Multiple documents included in one exhibit. |
| Y | | Plaintiff's complaint filed in the Eastern District of New York on March 29, 2007 | No objection. |
| Z | NYC-421 to NYC-426 | Plaintiff's Booking Arraignment Disposition Inquiry System Arrest History | FRE 402, 403, 404, 608 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Cumulative. |
| AA | NYC-427 to NYC-564 | Certified copy of plaintiff's file from the United States Social Security Administration | FRE 402, 403 - Lacks relevance, Prejudice outweighs any probative value, Multiple documents included in one exhibit. |
| BB | | Plaintiff's responses to interrogatories and document requests dated December 6, 2008 | No objection. |
| CC | | Plaintiff's responses to interrogatories and document requests dated February 16, 2009 | No objection. |
| DD | NYC-565 to NYC-581 | Arrest Reports | FRE 402, 403 - Lacks relevance, Prejudice outweighs any probative value, Motion *in limine*, Cumulative, Multiple documents included in one exhibit. |

X.     **DEPOSITION TESTIMONY TO BE OFFERED BY THE PARTIES**

Each party hereby acknowledges by signing this Proposed Joint Pretrial Order that any deposition designation that is not provided herein will not be allowed, absent good cause, save and except for impeachment testimony.

A.     **Plaintiff's Deposition Designations**

Attached as Exhibit A are Plaintiff's Designations from the depositions of Defendants Niles Prince, Dimitri Deglas and Matthew Sullivan.  Pursuant to Federal Rule of Civil Procedure 32(a)(6), defendants reserve all rights to offer testimony designated by any of the parties.  Defendants' depositions are admissible pursuant to Fed. R. Civ. P. 32(a)(1) and (3) and Fed. R. Evid. 801(d)(2).   See, James Wm. Moore, Moore's Federal Practice, § 32.02[3], at 32-16 to 32-17 (3d ed.2004); Eastman Kodak Co. v. Agfa-Gevaert N.V., 560 F.Supp.2d 227, 310-11 (W.D.N.Y.,2008); Hodge v. Police Officer Colon, 1990 WL 108334, *9 (S.D.N.Y., July 27, 1990); Globe Sav. Bank v. United States, 61 Fed.Cl. 91, 94-96 (2004); Long Island Savings Bank, FSB v. U.S., 63 Fed.Cl. 157, 163+, 65 Fed. R. Evid. Serv. 1256, 1256+ (Fed.Cl. Dec 07, 2004).

B.     **Defendants' Objections to Plaintiff's Deposition Designations**

Defendants object to the use of any depositions or videotaped depositions at trial, except for purposes of impeachment, unless the witness is unavailable to testify in person as set forth in Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804(b)(1).  In particular, but without waiving any other objections to the use of designated deposition testimony, defendants object to plaintiff's use of designated deposition testimony (videotaped or otherwise) to the extent that it is inconsistent with the Individual Practices of United States District Judge John Gleeson, particularly Rule 3(a)(viii) which calls for indication of

17

"whether…witnesses will testify in person *or* by deposition." Individual Rules of Judge Gleeson at p. 4 (emphasis added).

C.  **Defendants' Deposition Designations**

None.  Defendants will use plaintiff's depositions for impeachment purposes.  Defendants also reserve the right to use in their case-in-chief the deposition testimony of any witness who is unavailable pursuant to Fed. R. Civ. P. 32(3) and Fed. R. Evid. 804(b)(1).

CRAVATH, SWAINE & MOORE LLP,

by _____
Stuart W. Gold
Jessica R. Holloway
Hector J. Valdes

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Plaintiff*

CORPORATION COUNSEL OF THE
CITY OF NEW YORK,

by _____
Gabriel Harvis
Jeffrey Brooks

100 Church Street
New York, NY 10007
(212) 788-9736

*Attorneys for Defendants*

SO ORDERED this ____ day of February, 2010:

_____
Hon. John Gleeson
United States District Judge