UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DWAYNE KINTE ROBERTSON

                            Plaintiff,

        vs.

OFFICER MATTHEW SULLIVAN, Shield #29723; OFFICER NILES PRINCE, Shield #22353, SEARGEANT DIMITRI DAGLAS, Shield #01647, And THE CITY OF NEW YORK

                           Defendant.

07-CV-1416 (JG)(LB)

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTIONS <u>IN</u> <u>LIMINE</u>**

 

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
*Attorneys for Plaintiff Dwayne Kinte Robertson*

## TABLE OF CONTENTS

Page

BACKGROUND ...........................................................................................................................1

ARGUMENT .................................................................................................................................3

I. MR. ROBERTSON'S CRIMINAL HISTORY SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT AND UNDULY PREJUDICIAL. .................................3

    A. Mr. Robertson's felony conviction should be excluded. .........................................3

    B. Mr. Robertson's misdemeanor convictions should be excluded. ............................6

    C. Evidence of Mr. Robertson's prior arrests should be excluded. ..............................7

    D. If any evidence of Mr. Robertson's criminal record is admitted, it should be strictly limited and subject to a proper jury instruction. ......................................8

II. ALL EVIDENCE OF PRIOR DRUG USE BY MR. ROBERTSON SHOULD BE EXCLUDED BECAUSE IT HAS LOW PROBATIVE VALUE AND IS UNDULY PREJUDICIAL ..................................................................................................9

III. REFERENCES TO CERTAIN ASPECTS OF MR. ROBERTSON'S FAMILY AND PERSONAL LIFE ARE IRRELEVANT AND SHOULD BE EXCLUDED .........10

CONCLUSION............................................................................................................................10

Plaintiff Dwayne Kinte Robertson respectfully submits this memorandum in support of his motions *in limine* pursuant to Rules 401, 402, 403, 404, 608 and 609 of the Federal Rules of Evidence ("FRE") to exclude evidence of, reference to or argument concerning (1) Mr. Robertson's criminal history, including his prior arrests, convictions and parole records, (2) Mr. Robertson's prior use of drugs and (3) certain aspects of Mr. Robertson's family and personal life, including Defendants exhibits K, L, M, N, S, T, U, V, X, Z, DD, marked for identification.[1]

## BACKGROUND

On the evening of April 14, 2006, Mr. Robertson was stopped on Pitkin Avenue in Brooklyn, New York by defendant police officers Dimitri Deglas, Niles Prince, and Matthew Sullivan ("Defendants"). Plaintiff alleges that Defendants stopped him without cause, probable or otherwise, and in the course of his subsequent arrest employed excessive force, causing Mr. Robertson grievous bodily and psychological injury and requiring emergency medical treatment. Mr. Robertson was released from custody on April 16, 2006. Charges against Mr. Robertson were dismissed on July 17, 2006. Mr. Robertson suffers and continues to suffer physical injury and emotional distress as a result of Defendants' actions during this incident.

On March 29, 2007 Mr. Robertson filed this action against Defendants in the Eastern District of New York. This action involves claims for false arrest, assault and battery, excessive force, failure to intervene and malicious prosecution under § 1983 and New York State law arising out of the events of April 14-15, 2006. In dispute is what happened during Defendants' stop and subsequent arrest of Mr. Robertson, and the extent and nature of the force used against Mr. Robertson by Defendants.

We anticipate that Defendants may attempt to introduce at trial or impeach Mr. Robertson with evidence of Mr. Robertson's prior bad acts, including his arrests and convictions.

---

[1] To the extent any of Defendants' Proposed Exhibits are subject to this in limine, Plaintiff has so indicated in

Mr. Robertson's criminal record includes one felony conviction.  On April 1, 2004 Mr. Robertson pled guilty to third-degree attempted criminal possession of a weapon, a Class E felony, and was sentenced to two years of imprisonment.[2]  Mr. Robertson has also pled guilty to four misdemeanors: (1) on November 7, 1997, he pled guilty to third-degree menacing, a Class B misdemeanor; (2) on March 13, 2002 he pled guilty to seventh-degree attempted criminal possession of a controlled substance, a Class B misdemeanor; (3) on May 16, 2006 he pled guilty to fourth-degree criminal possession of a weapon, a Class A misdemeanor; and (4) on June 3, 2008 he pled guilty to third-degree attempted assault, a Class B misdemeanor.  All of Mr. Robertson's misdemeanor convictions were punishable by less than one year in prison.  In addition, Mr. Robertson has multiple arrests that did not result in convictions.[3]

We also anticipate that Defendants may attempt to introduce at trial or impeach Mr. Robertson with evidence of his prior drug use, and certain facts regarding his children and child support obligations.

None of that evidence tends to prove or disprove any of the factual disputes regarding Mr. Robertson's April 15, 2006 arrest and related criminal charges.  That evidence should be excluded because it is (1) inadmissible character evidence under Rule 404(b) of the Federal Rules of Evidence, (2) inadmissible for any purpose and unfairly prejudicial pursuant to Rules 401, 402[4] and 403 [5] of the Federal Rules of Evidence and admitting it would result in jury

---

the parties' JPTO and has objected to that exhibit on the grounds enumerated in this motion.

[2] See NYC250-55, attached to the Declaration of Jessica R. Holloway ("Holloway Decl.") as Exhibit A.

[3] See NYC250-55, Holloway Decl. Exhibit A

[4] Fed. R. Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence".  Fed. R. Evid. 402 states that "[e]vidence which is not relevant is not admissible".

[5] Fed. R. Evid. 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence".

confusion and a waste of the Court's time and (3) it cannot be used to impeach Mr. Robertson pursuant to Rules 608[6] and 609[7] of the Federal Rules of Evidence.

## ARGUMENT

### I. MR. ROBERTSON'S CRIMINAL HISTORY SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT AND UNDULY PREJUDICIAL.

All evidence of, reference to or argument concerning Mr. Robertson's criminal history, including his prior arrests, convictions and parole record, should be excluded.

#### A. Mr. Robertson's felony conviction is inadmissible for any purpose.

First, evidence regarding Mr. Robertson's April 1, 2004 felony conviction is inadmissible character evidence under Rule 404(b). Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Applying Rule 404(b), the Second Circuit has held, for example, that in an excessive force case regarding a prisoner's treatment by corrections officers, the plaintiff's prison disciplinary records cannot be offered to show that the

---

[6] Fed. R. Evid. 608(b) states in relevant part: "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness."

[7] Fed. R. Evidence 609 states that "(a) [f]or the purpose of attacking the character for truthfulness of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted, regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness…(b) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of

plaintiff has an "aggressive character" and "that it was therefore more likely than not that he was the aggressor on the occasions in question". Hynes v. Coughlin, 79 F.3d 285, 292 (2d Cir. 1996). Here, evidence of Mr. Robertson's felony conviction similarly serves no purpose other than to encourage the jury to draw the impermissible inference that Mr. Robertson has a bad character and acted in conformity therewith on the night in question; that is explicitly prohibited by Rule 404(b). Rule 404(b) does provide that "other crimes, wrongs or acts" evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident". Hynes, 79 F.3d at 290. However, because evidence concerning Mr. Robertson's felony conviction does not help demonstrate any of those things, to the extent they are even at issue in this case, such evidence should be excluded. Mr. Robertson's plea of guilty to a charge of attempted possession of a weapon has no bearing on either Mr. Robertson's conduct or state of mind--or that of Defendants--on the night in question. Evidence of this conviction will not illuminate the sufficiency of the officers' reasonable suspicion in stopping Mr. Robertson or their probable cause for arresting him, nor will it aid the jury in determining whether the force employed by Defendants in apprehending Mr. Robertson was excessive. This conviction is also entirely irrelevant to the question of damages.

        Even if Mr. Robertson's felony conviction were relevant--and it is not--evidence of this conviction is unfairly prejudicial and should be excluded pursuant to Rule 403. That conviction is not evidence related to the incident in question. There is a substantial likelihood, however, that the jury impermissibly would discount Mr. Robertson's account of that incident, because of his status as a felon. The probative value of Mr. Robertson's felony conviction, if any, is far outweighed by the unfair prejudice it would inevitably cause if it were admitted.

---

justice, that the probative value of the conviction supported by specific facts and circumstances substantially

4

Second, evidence of Mr. Robertson's felony conviction cannot be used to impeach him under Rule 609 because its probative value is substantially outweighed by the danger of unfair prejudice. Pursuant to this Rule, courts are required to consider the probative value of a felony conviction in light of its prejudicial effect. See Daniels v. Loizzo, 986 F.Supp. 245, 250 (S.D.N.Y.1997) ("[a]s amended in 1990, Rule 609 now explicitly provides that prior convictions of all witnesses other than a criminal defendant, including witnesses in civil actions, shall be admitted subject to Rule 403.") (citing Fed. R. Evid. 609(a)(1); 4 Weinstein's Federal Evidence § 609.04[3][a], at 609-36 (1997)); see, e.g., Eng v. Scully, 146 F.R.D. 74, 78 (S.D.N.Y.1993).

Courts in this circuit have held that, when balancing probative value against prejudicial effect under Rule 609(a)(1), judges should examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue in the present litigation, and (4) the importance of the credibility of the witness. Daniels, 986 F.Supp. at 250 (citing 4 Weinstein's Federal Evidence, § 609.04[2][a]). Central to that analysis is whether the prior crime is particularly probative of credibility. Stephen v. Hanley, No. 03-CV-6226, 2009 WL 1471180 at *4 (E.D.N.Y. May 21, 2009) ("[p]aramount among the factors to consider in the balancing analysis is whether the crime, by its nature, is probative of the lack of veracity") (citing U.S. v. Ortiz, 553 F.2d 782, 784 (2d Cir. 1988)). Here, that dominant factor counsels strongly against admission under Rule 609(a)(1) as Mr. Robertson's conviction for attempted possession of a weapon has no bearing on his veracity. See U.S. v. Hayes, 553 F.2d 824, 827 (2d Cir. 1977) (crimes of force or stealth, such as armed robbery, assault, burglary or petit larceny, do not implicate truthfulness for the purposes of Rule 609). Furthermore, it has been six years since

---

outweighs its prejudicial effect."

5

Mr. Robertson's conviction; that should weigh against admission under the remoteness factor. Though the nature of the conduct implicated in his prior conviction bears no resemblance to the conduct at issue in this litigation and credibility is at issue, evidence of Mr. Robertson's April 1, 2004 conviction is not sufficiently probative of his lack of veracity to justify the undue prejudice that would almost certainly result from its admission.

   **B.**  **Mr. Robertson's misdemeanor convictions are inadmissible for any purpose.**

  <u>First</u>, evidence related to any of Mr. Robertson's misdemeanor convictions is inadmissible character evidence under Rule 404(b). The only possible reason for Defendants to introduce evidence of Mr. Robertson's prior misdemeanor convictions is to encourage the jury to draw the impermissible inference that he acted "in conformity" with a perceived bad character on the night of the incident; that is specifically prohibited under Rule 404(b). <u>See</u> <u>Daniels</u>, 986 F.Supp. at 248; <u>Hynes</u>, 79 F.3d at 292. Defendants had no knowledge of Plaintiff prior to the incident. Consequently, evidence of his past convictions could have no bearing on Defendants' motive or state of mind during any of the conduct at issue. Such evidence has no probative value in determining whether or not Defendants had cause to stop or arrest Mr. Robertson or whether they used excessive force in doing so. Furthermore, two of the four misdemeanor convictions occurred in 2006 and 2008--after the incident in question--and are therefore irrelevant to any of the factual issues in this case. <u>See</u> <u>Stephen</u> 2009 WL 1471180 at *4. Finally, as discussed above, evidence of these convictions--like Mr. Robertson's felony conviction--is unduly prejudicial, and should be excluded pursuant to Rule 403.

  <u>Second</u>, evidence of those convictions may not be used to impeach Mr. Robertson under Rule 609. Because none of the misdemeanors to which Mr. Robertson pled guilty are punishable by death or imprisonment for more than one year, they are not admissible under Rule 609(a)(1). Moreover, because none of the misdemeanors to which Mr. Robertson pled guilty

6

involves a crime of veracity, they are not admissible under Rule 609(a)(2). Congress has emphasized that Rule 609(a)(2) specifically refers to convictions that are particularly probative of credibility. Daniels, 986 F.Supp. at 249 (holding that misdemeanor convictions for unauthorized use of a vehicle, possession of stolen property, disorderly conduct, resisting arrest and escape were not probative of veracity and not admissible for impeachment purposes under Rule 609); see also Hayes, 553 F.2d at 827 (holding that Rule 609(a)(2) was meant to refer to convictions that are "peculiarly probative of credibility, such as those for perjury or subornation of perjury, false statement, criminal fraud, embezzlement, false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness or falsification bearing on the accused's propensity to testify truthfully."). Because Mr. Robertson's misdemeanor convictions are completely unrelated to veracity, they are not admissible under 609(a)(2).

Additionally, Mr. Robertson's November 7, 1997 third-degree menacing conviction is more than ten years old and thus time-barred under Rule 609(b). Regardless of whether it is veracity-related, this conviction cannot be used to impeach Mr. Robertson.

**C.      Evidence of Mr. Robertson's prior arrests is inadmissible for any purpose.**

Defendants should be precluded from introducing any evidence of Mr. Robertson's prior arrests or charges for which Mr. Robertson was arrested or arraigned, but not convicted. Mr. Robertson's arrest record is not relevant to or probative of his or the Defendants' state of mind or conduct on April 15, 2006. The only possible purpose for admitting this evidence is to encourage the jury to make the impermissible inference that if Mr. Robertson was arrested on prior occasions there must have been probable cause for his arrest on this occasion. As such, it is impermissible character evidence explicitly prohibited by Rule 404, and is further

7

prohibited by Rule 403 since the danger of unfair prejudice would substantially outweigh any probative value of the evidence.

Moreover, this evidence cannot be used to impeach Mr. Robertson. Arrests that have not resulted in convictions are not admissible under Rule 609 or 608(b). See Stephen 2009 WL 1471180 at *8; Daniels, 986 F.Supp. at 252 (holding that plaintiff's arrests that did not result in convictions were inadmissible under Fed. R. Evid. 608(b)) (citing Michelson v. United States, 335 U.S. 469, 482, (1948) ("[a]rrest without more does not ... impeach the integrity or impair the credibility of a witness….Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness.")). A party may, on cross-examination, inquire into specific instances of conduct to impeach a witness if they are "probative of truthfulness or untruthfulness" and concern "the witness' character for truthfulness or untruthfulness". Fed. R. Evid. 608(b). Because Mr. Robertson's prior arrest are not directly relevant to credibility, they simply cannot be used to impeach. See Gourdine v. Traynor, 1995 WL 946514, at *4 (W.D.N.Y. Aug. 22, 1995). As with his prior convictions, Mr. Robertson's arrests have no bearing on any of the issues in this case, are irrelevant and their admission would be unduly prejudicial.

  **D.**  **If any evidence of Mr. Robertson's criminal record is admitted, it should be strictly limited and subject to a proper jury instruction.**

Should the Court admit any elements of Mr. Robertson's criminal record, that evidence should be strictly limited to the fact and date of the conviction in question. Because that information is sufficient to allow Defendants to attempt to impeach Mr. Robertson's credibility, Defendants should be prohibited from inquiring into the underlying details of each incident. The undue prejudice Mr. Robertson would suffer as a result of such inquiry would substantially outweigh any additional probative value it might provide. See Daniels, 986 F.Supp. at 251 (limiting Defendant's use of Plaintiff's conviction to fact and date of conviction); Martin v. Nat'l R.R. Passenger Corp., No. 97 Civ. 8381, 1998 WL 575183 at *4 (S.D.N.Y. Sep. 9, 1998)

(limiting cross-examination on the subject of a witness' prior conviction to the crime, the court, the sentence and the date of conviction).

Furthermore, any incidental reference to Mr. Robertson's criminal history in otherwise admissible documents must be properly redacted.

### II. ALL EVIDENCE OF PRIOR DRUG USE BY MR. ROBERTSON SHOULD BE EXCLUDED BECAUSE IT HAS LOW PROBATIVE VALUE AND IS UNDULY PREJUDICIAL

All evidence of, reference to or argument concerning Mr. Robertson's prior drug use should be excluded. This evidence includes, but is not limited to Mr. Robertson's March 13, 2002 seventh-degree attempted criminal possession of a controlled substance conviction and any reference to drug test results or drug use in his parole records, medical records or deposition testimony.

First, Rule 404(b) precludes Defendants from introducing evidence of Mr. Robertson's prior drug use. Whether Defendants had reasonable suspicion to stop Mr. Robertson is central to his claims for unlawful seizure. The reason Defendants give for the stop is that they observed him smoking a joint, a fact Mr. Robertson denies. The jury must engage in an objective analysis to determine whether or not a reasonable officer in Defendants' shoes would have believed that Mr. Robertson was smoking marijuana, and evidence of Mr. Robertson's prior drug use--of which Defendants do not claim to have been aware at the time--is entirely irrelevant to that determination. Zellner v. Summerlin, 494 F.3d 344, 368-69 (2d Cir. 2007). Nor is it relevant to the motive, state of mind or intent of Plaintiff or Defendants--which, in any case, have no bearing on probable cause--or to the issue of damages. The only reason to introduce this evidence is to show propensity, and thus it should be excluded under Rule 404(b).

Moreover, evidence of past drug use is highly prejudicial, and because it has no probative value here, it must be excluded pursuant to Rules 402 and 403. See U.S. v. Jackson,

9

No. 02 CR. 756 (LMM), 2006 WL 1233938, at *2 (S.D.N.Y. May 8, 2006) (evidence of prior drug use "should usually be excluded in a non-narcotics trial") (excluding evidence of defendant's drug use as unfairly prejudicial).

Second, evidence of Mr. Robertson's prior drug use cannot be used to impeach Mr. Robertson. Courts have held that the impeachment value of the crime of possession of a controlled substance is low. See Stephen, 2009 WL 1471180 at * 4; Hayes, 553 F.2d at 828 (possession of narcotics ranks low on a scale of probative value for truthfulness). Whether or not Mr. Robertson has used drugs in the past has no bearing on his ability or propensity to testify truthfully in court, and therefore cannot be used to impeach him pursuant to Rule 608.

### III. REFERENCES TO CERTAIN ASPECTS OF MR. ROBERTSON'S FAMILY AND PERSONAL LIFE ARE IRRELEVANT, PREJUDICIAL AND SHOULD BE EXCLUDED

Defendants should be precluded from making any reference to Mr. Robertson's children and his child support obligations. During Mr. Robertson's December 1, 2008 deposition he was questioned extensively by Defendants' counsel regarding his family. Mr. Robertson testified that he has eight children, ranging in age from 18 months to sixteen years, with seven different women, and that he owes certain of those women child support.[8] Any evidence or testimony regarding Mr. Robertson's children or child support obligations has no probative value and can only result in unfair prejudice to Mr. Robertson. It will not assist the jury in determining any issue relevant to this action, but instead suggest to the jury--for reasons not related to the merits of Mr. Robertson's claim--that he is a bad man and should not be awarded damages. Any such evidence should be excluded pursuant to Rule 403.

---

[8] See Mr. Robertson's December 1, 2008 deposition ("Robertson Dep.") 39:4-42:1, 68:22-77:14, 179:4-6 Holloway Decl. Exhibit B.

Robertson's criminal record, including his prior arrests and parole records, (2) Mr. Robertson's prior use of drugs and (3) certain aspects of Mr. Robertson's family and personal life.

Dated: February 18, 2010

>                    CRAVATH, SWAINE & MOORE LLP,
>
>              by
>                    _____
>                    Stuart W. Gold
>                    Jessica R. Holloway
>                    Hector J. Valdes
>
>                    Worldwide Plaza
>                    825 Eighth Avenue
>                    New York, NY 10019
>                    (212) 474-1000
>                    jholloway@cravath.com
>
>                    *Attorneys for Plaintiff Dwayne Kinte Robertson*

---

[8] See Mr. Robertson's December 1, 2008 deposition ("Robertson Dep.") 39:4-42:1, 68:22-77:14, 179:4-6 Holloway Decl. Exhibit B.